UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| VENITO LYNN JOHNSON, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:06CV43 CDP |
| | ) | |
| CAPTAIN MULCAHY, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

Presently before the Court are three motions by plaintiff: a motion for an extension of time to pay his initial partial filing fee, a motion for an extension of time to produce addresses of persons having knowledge concerning the facts of his case, and a motion to appoint counsel.

I will grant plaintiff's motion for an extension of time to pay the initial filing fee. The initial partial filing fee of $14.69 must be received by **May 31, 2006**.

The Case Management Order requires plaintiff to submit to the defendant a list, including addresses, of all persons having knowledge or information of the facts giving rise to plaintiff's claim no later than May 31, 2006. Plaintiff requests an extension of this deadline, indicating a difficulty in finding addresses for incarcerated witnesses. The Court will not extend this deadline but directs plaintiff

to provide whatever information he has to defendant on time and then supplement this information later as he obtains additional addresses.

Finally, plaintiff asks that I appoint counsel to represent him in this matter. There is no constitutional or statutory right to a court-appointed attorney in a civil case. <u>Nelson v. Redfield Lithograph Printing</u>, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors including the likelihood that the petitioner and the court will benefit from the assistance of counsel, the factual complexity of the case, the petitioner's ability to investigate the facts and present his claims, the existence of conflicting testimony, and the complexity of the legal issues. <u>Battle v. Armontrout</u>, 902 F.2d 701, 702 (8th Cir. 1990); <u>Johnson v. Williams</u>, 788 F.2d 1319, 1322-23 (8th Cir. 1986).

Upon consideration of the above-listed factors, I find that appointment of counsel is not warranted at this time. The claims and underlying facts of this case are relatively straightforward and do not appear to involve complex factual and legal issues. Moreover, based on petitioner's presentation of the issues in his complaint and other submissions to the Court, he seems quite capable of litigating this action on his own. Therefore, his motion for appointment of counsel will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for an extension of time to pay his initial partial filing fee [#9] is GRANTED. The Court's records indicate

that plaintiff still owes the entire initial filing fee amount of $14.69. This amount must be received by the Court by **May 31, 2006**. Plaintiff is reminded to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion for an extension of time to provide addresses and motion for appointment of counsel [#10] is DENIED.

Dated this 23rd day of May, 2006.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE