UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| VENITO LYNN JOHNSON, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:06CV43 CDP |
| | ) | |
| CAPTAIN JAMES MULCAHY, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on several motions. Defendant James Mulcahy seeks summary judgment. Plaintiff Venito Johnson opposes defendant's motion and alternatively seeks a stay. In addition, plaintiff Johnson, an inmate at the Cape Girardeau County Jail, requests transfer to a different correctional facility.

In his pro se § 1983 complaint against Mulcahy, the Chief Jailer at the Cape Girardeau County Jail, Johnson alleges that Mulcahy has and continues to violate Johnson's rights by failing to arrange or provide religious services for Muslims at the jail. Mulcahy now seeks summary judgment, arguing that he is not required to provide religious leaders for services but that he has attempted, to no avail, to seek community members to perform Islamic services at the jail. Johnson supplemented his complaint with two additional, unrelated allegations that were not addressed in Mulcahy's motion for summary judgment. I conclude that there

is no genuine dispute of material fact as to Johnson's religious services claim and therefore grant summary judgment as to that claim only. Johnson's other two claims remain pending.

I. **Factual Background**

Venito Johnson filed this pro se § 1983 action on March 20, 2006. His motion for leave to proceed in forma pauperis was granted and process was issued on April 3, 2006. On May 1, 2006, Johnson's motion to supplement the complaint was granted and the supplement was docketed the same day.

In his original complaint, Johnson alleges that his constitutional rights under the First Amendment are being violated because Mulcahy has failed to provide religious services for Muslims. Johnson states, and Mulcahy confirms, that Johnson has presented this issue through the institution's grievance process. According to Johnson, Christians at the same facility have religious services twice a week, lead by members of the community. Johnson seeks similar services for Muslims and suggests members of the Islamic Center in Cape Girardeau as leaders for such services.

In the supplement to his complaint, Johnson adds two additional claims unrelated to his religious services claim. One of the claims relates to disciplinary action taken by prison officials on February 4, 2006, whereby Johnson alleges that less food was provided to certain inmates than to others. The other new claim pertains to a violation Johnson received on January 22, 2006, from a correctional

officer. Johnson alleges that he was deprived of a chance to plead his case at a hearing and as a result he was denied due process. He also alleges that he was deprived of his property and money when he received a commissary restriction because of the violation citation.

Defendant James Mulcahy now seeks summary judgment. However his motion and memorandum only discuss Johnson's original claim concerning the lack of Islamic services for Muslims at the jail. As a result, although I agree with defendant's arguments and will grant summary judgment, it only applies to the religion claim, and the other claims remain pending.

## II. Discussion

### A. Legal Standards

The standards for summary judgment are well settled. In determining whether summary judgment should issue, the Court views the facts and inferences from the facts in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The moving party has the burden to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party has met this burden, the nonmoving party may not rest on the allegations in its pleadings but by

affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e). At the summary judgment stage, I will not weigh the evidence and decide the truth of the matter, but rather I need only determine if there is a genuine issue for trial. Anderson, 477 U.S. at 249. Under these standards, I review the facts of this case while taking into account the Supreme Court's mandate that pro se documents be liberally construed. Estelle v. Gamble, 429 U.S. 97, 106 (1976).

    **B.**    **Failure to Provide Religious Services Claim**

"The Constitution does not require that a religious advisor be provided for every sect represented in a penitentiary." Blair-Bey v. Nix, 963 F.2d 162, 163 (8th Cir. 1992) (citing Cruz v. Beto, 405 U.S. 319, 322 n. 2 (1972) (explaining that it is not necessary that "a chaplain, priest, or minister be provided without regard to the extent of the demand")). Johnson has made no allegations in his complaint that there is a high demand for Islamic services at Cape Girardeau County Jail. As far as the Court is aware he is the only inmate seeking such services. There is no indication that the number of practicing Muslims at the jail is sufficient to justify such a demand. Instead, what the Constitution does require is that inmates be given a reasonable opportunity to exercise their religious freedom guaranteed by the First and Fourteenth Amendments. Id. The complaint does not allege that Johnson has been denied these rights of free exercise.

Additionally, defendant Mulcahy states by affidavit that the Cape Giradeau County Jail does not employ ministers of any faith to provide services to inmates. All religious services within the jail are provided by community volunteers. Mulcahy also attests that he has attempted to accommodate Johnson's request by trying to contact the Islamic Center in Cape Girardeau on several occasions. He has been unable to get a response from the Center. Because there is no constitutional requirement that defendant Mulcahy provide a leader for Islamic services, especially in light of the fact that the Jail employs no religious leaders of any faith, summary judgment will be granted as to this claim.

C.  **Supplemental Complaint Claims**

Plaintiff's supplemental complaint contains two additional claims. His second claim for relief asserts that on February 4, 2006, his prison pod was put on lockdown after inmates refused to eat and were throwing food trays on the floor. Johnson alleges that for three or four days, while on lockdown, he and other inmates in the pod received only one or two sandwiches for each meal, while inmates outside of his pod received whole food trays. He claims that "Cape County used deprivation of food as a disciplinary action, violating statutes." Johnson is correct in asserting that Missouri statute prohibits the use of food deprivation as a disciplinary tool: "All offenders confined in correctional centers shall be supplied with a sufficient quality of wholesome food. Deprivation of food shall not be used as a disciplinary action." § 217.240, Mo. Rev. Stat.

In plaintiff's third claim for relief he states that he was found guilty of a violation and received thirty days commissary restriction without a chance to plead his case in a hearing. He alleges that his commissary privileges were taken without due process, resulting in a deprivation of property and money in violation of his rights granted by statute. The seriousness of plaintiff's restriction is unclear from plaintiff's allegations. However, Missouri Revised Statute § 217.380 (2) requires a proper hearing before confinement in disciplinary segregation:

> An offender who has violated any published rule or regulation of the division or correctional facility relating to the conduct of offenders may, after proper hearing and upon order of the chief administrative officer or his or her designee of the correctional facility, be confined in a disciplinary segregation unit for a period not to exceed thirty days.

Construing plaintiff's pro se complaint liberally, it is possible that his second and third claims are alleging that defendant's failure to comply with the cited Missouri statutes constitutes a deprivation of Johnson's federal right to due process. Pursuant to 42 U.S.C. § 1997e(g)(2), the Court may require any defendant to reply to a complaint brought by a prisoner pursuant to 42 U.S.C. § 1983 or any other federal law if it finds that the plaintiff has a reasonable opportunity to prevail on the merits. Moreover, 28 U.S.C. § 1915A requires the Court to identify any cognizable claims that would survive dismissal. I allowed the plaintiff to supplement his complaint, and I believe requiring a response from

defendant is appropriate. Therefore the Court will order that defendant reply to the supplemental complaint.

**D.     Motion to Hold Case in Abeyance and Motion to be Removed from Defendant's Care**

Plaintiff Johnson seeks denial of summary judgment or alternatively, requests that the Court hold this matter in abeyance "until such time as plaintiff is transferred from the custody of the Defendant to a facility where he will have access to a complete Law Library, and that after adequate opportunity to conduct research, Plaintiff be permitted to supplement [his] response to Defendant's Motion for Summary Judgment." In a separate motion plaintiff requests to be moved out of the Cape Girardeau County Jail and into another federal holding facility, preferably Pemiscot County Jail. Johnson alleges that he is not receiving equal and fair treatment and that he has been harassed by jail officers because of the complaint filed in this case. He fears for his safety at the Cape Jail.

According to Missouri statute, Department of Corrections officials have complete discretion in determining whether to transfer an inmate. § 217.350, Mo. Rev. Stat. In addition, the Eighth Circuit has ruled that an inmate has no protected liberty interest in receiving a transfer. Nash v. Black, 781 F.2d 665, 668 (8th Cir. 1986). This Court is not the appropriate forum for addressing plaintiff's request for transfer to a different correctional facility, so the motion will be denied.

Johnson's request to hold this case in abeyance will also be denied. There is no indication in the record that transfer to a different facility is imminent, nor does the Court have any reason to believe that plaintiff's legal research materials have been inadequate in helping plaintiff to prepare a response to defendant's motion for summary judgment. The Court will not hold this case in abeyance pending an event that may or may not occur.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for summary judgment [#16] is granted in part. Plaintiff's first claim related to religious services is dismissed.

**IT IS FURTHER ORDERED** that defendant must answer the claims brought by plaintiff in his supplemental complaint by **November 21, 2006**.

**IT IS FURTHER ORDERED** that plaintiff's motion to stay [#19] is denied.

**IT IS FINALLY ORDERED** that plaintiff's motion to be removed from defendant's care [#20] is denied.

Dated this 2nd day of November, 2006.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE